UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
ESTHER REIZES on behalf of herself and
all other similarly situated consumers

                        Plaintiff,

        -against-

NCO FINANCIAL SYSTEMS, INC.

                   Defendant.
-------------------------------------------------------

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 20 2012 ★

LONG ISLAND OFFICE

**CV-12 3091**

**BRODIE, J.
GOLD, M.**

## CLASS ACTION COMPLAINT

**SUMMONS ISSUED**

### *Introduction*

1.    Plaintiff Esther Reizes seeks redress for the illegal practices of NCO Financial Systems, Inc. in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Horsham, Pennsylvania.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.   Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
     1692(a)(6).

### *Jurisdiction and Venue*

8.   This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §
     1331.

9.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
     transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Esther Reizes*

10.  Upon information and belief, on a date better known by Defendant, Defendant began to
     attempt to collect an alleged consumer debt from the Plaintiff.

11.  On or about January 18, 2012 Plaintiff and her husband called and spoke to a
     representative from NCO Financial Systems, Inc. by the name of Vashin Cartis, and
     attempted to dispute the debt over the phone.

12.  Defendant did not let the Plaintiff dispute the debt and instructed that she must put the
     dispute in the form of a letter, that there has to be some valid reason for the dispute, and
     that there was no way to dispute the debt over the phone.

13.  The FDCPA does not require the consumer to provide any reason at all in order
     to dispute a debt. Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002);
     Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004)
     (a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason,
     or no reason at all); Whitten v. ARS National Servs. Inc., 2002 WL 1050320 *4 (N.D.
     111. May 23, 2002) (imposing a requirement that a consumer have a `valid' reason to

dispute the debt is inconsistent with FDCPA); <u>Castro v. ARS National Servs., Inc.</u>, 2000

WL 264310 (S.D.N.Y. Mar. 8, 2000); <u>Frey v. Satter, Beyer & Spires.</u>, 1999 WL 301650

(N.D. Ill. May 3, 1999); <u>DeSantis v. Computer Credit, Inc.</u>, 269 f.3d 159 (2nd Cir.

2001); <u>Mejia v. Marauder Corporation.</u>, 2007 WL 806486 (N.D. Cal. 2007) (unlawful to

suggest that proof of payment required for dispute).

The FDCPA allows the consumer to orally dispute a debt. <u>Brady v. The Credit Recovery</u>

<u>Company, Inc.</u>, 160 F.3d 64 (1st Cir. 1998). The FDCPA does not limit the time period

for disputing a debt. A consumer can always dispute a debt with a debt collector,

regardless of the passage of time. Credit reporting constitutes an attempt to collect a

debt. See, e.g., <u>Rivera v. Bank One.</u>, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's

report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to

wrench compliance with payment terms from its cardholder"); <u>Matter of Sommersdorf.</u>,

139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); <u>Ditty v. CheckRite, Ltd.</u>, 973 F.Supp. 1320,

1331 (D.Utah 1997).

A consumer is entitled to dispute a debt orally and need not seek validation to overcome

the debt collector's assumption of validity. See. <u>Rosado v. Taylor.</u>, 324 F. Supp. 2d 917

(N.D. Ind. 2004). (The collection attorney violated § § 1692g(a)(3) by requiring that

disputes be in writing to prevent the collector from considering the debt valid. The court

noted that oral disputes overcome the assumption of validity and impose a requirement

under § 1692e(8) that the debt collector report the dispute if reporting the debt to third

parties).

It is well settled that § 1692g(a)(3) does not impose a writing requirement on a

consumer  See. <u>Register v. Reiner, Reiner & Bendett, P.C.</u>, 488 F.Supp.2d 143 (D.Conn.

2007); <u>Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich</u>, 464 F.Supp.2d 720 (N.D.

Ohio 2006); <u>Baez v. Wagner & Hunt, P.A.</u>, 442 F.Supp.2d 1273 (S.D.Fla. 2006); <u>Turner</u>

<u>v. Shenandoah Legal Group, P.C.</u>, No. 3:06CV045, 2006 WL 1685698 (E.D. Va.

2006); <u>Vega v. Credit Bureau Enters.</u>, No. CIVA02CV1550, 2005 WL 711657

(E.D.N.Y. Mar. 29, 2005); <u>Nasca v. GC Servs. Ltd. P'ship</u>, No 01CIV10127, 2002 WL

31040647 (S.D.N.Y. Sept. 12, 2002); <u>In re Risk Mgmt. Alternatives, Inc.</u>, Fair Debt

Collection Practices Act Litig., 208 F.R.D. 493 (S.D.N.Y. June 14, 2002); <u>Sambor v.</u>

<u>Omnia Credit Servs.</u>, Inc., 183 F.Supp.2d 1234 (D.Haw. 2002); <u>Sanchez v. Robert E.</u>

<u>Weiss, Inc.</u>, 173 F.Supp.2d 1029 (N.D. Cal. 2001); <u>Castro v. ARS Nat'l Servs., Inc.</u>, No.

99 CIV. 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); <u>Ong v. Am. Collections</u>

<u>Enter.</u>, No. 98-CV-5117, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999); <u>Reed v. Smith,</u>

<u>Smith & Smith,</u> No. Civ. A. 93-956, 1995 WL 907764 (<u>M.D.La</u>. Feb. 8, 1995); <u>Harvey</u>

<u>v. United Adjusters,</u> 509 F.Supp.1218 (D.Or. 1981).

14.    Upon information and belief, NCO Financial Systems, Inc. and its employee as a matter

of procedural practice and pattern never intend to follow through with the validation

rights they purportedly provide in the initial communication.

15.    Upon information and belief, NCO Financial Systems, Inc. and its employees when

receiving written disputes as a matter of procedural practice and pattern do not provide

verification of debts since they maintain all disputes in writing must be submitted with a

valid reason.

16.    Upon information and belief, NCO Financial Systems, Inc. and its employee

intentionally denied the Plaintiff her dispute rights afforded to her under the FDCPA.

17.   Upon information and belief, NCO Financial Systems, Inc. and its employee wrongfully stated to the Plaintiff that she could not orally dispute the debt directly with NCO Financial Systems, Inc.

18.   Upon information and belief, NCO Financial Systems, Inc. and its employee wrongfully stated to the Plaintiff that she could only dispute a debt in writing.

19.   Upon information and belief, NCO Financial Systems, Inc. and its employee wrongfully stated to the Plaintiff that she must have a reason to dispute a debt.

20.   Upon information and belief, NCO Financial Systems, Inc. and its employee by intentionally denying the Plaintiff and any other debtor to dispute the debt orally and without a valid reason unfairly intimidate and force debtors in to paying disputed debts.

21.   The NCO Financial Systems, Inc. employee who spoke with Esther Reizes intended to speak the said words to the Plaintiff.

22.   The acts and omissions of NCO Financial Systems, Inc. and its employee done in connection with efforts to collect a debt from the Plaintiff were done intentionally and willfully.

23.   Upon information and belief, NCO Financial Systems, Inc. and its employees intentionally and willfully violated the FDCPA and do so as a matter of pattern and practice by not letting any of the class members orally dispute the debt and by maintaining that the debtors have a valid reason to dispute any debt contrary to the FDCPA and the rights given by the Defendant purportedly in the validation notice.

24.   As an actual and proximate result of the acts and omissions of NCO Financial Systems,

Inc. and its employees, Plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which she should be compensated in an amount to be established by a jury at trial.

25. The representative went on to falsely claim that the Plaintiff once owed a balance $112,646.63 and falsely claimed that Esther brought down the balance to $26,296.00 and falsely claimed that the Plaintiff made a payment on this account on February 19, 2008, changing the statute of limitations.

26. Plaintiff never had an account with American Express for $112,646.63, and in fact Esther has not paid American Express or a collector from American Express since January 1, 2008.

27. Defendant's claims are patently false.

28. Plaintiff proceeds on this additional claim on an individual basis which violates 15 U.S.C. §§ 1692e and 1692e(10).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

29. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs 1-28 as if set forth fully in this cause of action.

30. This cause of action is brought on behalf of Plaintiff and the members of a class.

31. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who made telephonic contact with Defendant's representatives within

one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) that the Defendant denied the Plaintiff the right to dispute the debt orally and required the Plaintiff to provide a valid reason to dispute.

32.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (a)    Based on the fact that form telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (b)    There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    (c)    The only individual issue involves the identification of the consumers who engaged in such telephone calls (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

    (d)    The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

    (e)    The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

33.  A class action is superior for the fair and efficient adjudication of the class members'
     claims. Congress specifically envisions class actions as a principal means of enforcing
     the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated
     individuals, whose rights will not be vindicated in the absence of a class action.
     Prosecution of separate actions by individual members of the classes would create the
     risk of inconsistent or varying adjudications resulting in the establishment of
     inconsistent or varying standards for the parties and would not be in the interest of
     judicial economy.

34.  If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class
     pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

35.  Collection attempts, such as those made by the Defendant are to be evaluated by the
     objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

36.  The Defendant's actions as set forth above in the within complaint violates the Fair Debt
     Collection Practices Act.

37.  Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff
     and the members of the class are entitled to damages in accordance with the Fair Debt
     Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and
against the Defendant and award damages as follows:

(a)   Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);
      And

-8-

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the

circumstances.


Dated: Cedarhurst, New York
       June 19, 2012


Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411


Plaintiff requests trial by jury on all issues so triable.


Adam J. Fishbein (AF-9508).